Dear Representative Case,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:
Does 26 O.S. 1991, § 5-105a[26-5-105a] of the Oklahoma Statutes, which,in pertinent part, makes a convicted felon ineligible to be acandidate for election to State, county and municipal, judicialand other elected office for a period of fifteen (15) yearsfollowing completion of his or her sentence, violate theprovisions of Article V, § 18 of the Oklahoma Constitution, whichprovides that no person convicted of a felony is eligible to beelected to the Legislature?
¶ 1 As posed, your question asked whether there is an irreconcilable conflict between Article V, § 18 of the Oklahoma Constitution and Section 5-105a of Title 26. The short answer to your question is that there exists no irreconcilable conflict between these two laws. The more general provision, Section 5-105a of Title 26, makes those convicted of certain misdemeanors and all felonies ineligible "to be a candidate for or to be elected to any state, county, municipal, judicial or schooloffice or any other elective office" of any politicalsubdivision for a period of fifteen (15) years following completion of a sentence. The constitutional provision, on the other hand, deals only with the ineligibility to be elected to the State Legislature, and with respect to such offices imposes even greater legal impediment upon convicted felons.
¶ 2 The statute you inquire about, 26 O.S. 1991 § 5-105a[26-5-105a], in making convicted felons ineligible to be candidates for State, county, municipal and other offices, provides:
 A. A person who has been convicted of a misdemeanor involving embezzlement or a felony under the laws of this state or of the United States or who has entered a plea of guilty or nolo contendere to such
misdemeanor involving embezzlement or felony or who has been convicted of a crime in another state which would have been a misdemeanor involving embezzlement or a felony under the laws of this state or has entered a plea of guilty or nolo contendere to such crime shall not be eligible to be a candidate for or to be elected to any state, county, municipal, judicial or school office or any other elective office of any political subdivision of this state for a period of fifteen (15) years following completion of his sentence or during the pendency of an appeal of such conviction or plea.
 B. The provisions of this section shall not be construed to preclude a person who has received a pardon from being eligible for or from holding public office.
26 O.S. 1991, § 5-105a[26-5-105a] (emphasis added).
¶ 3 As demonstrated by the emphasized language quoted above, Section 5-105a makes felons ineligible to become candidates for an election to not only all State offices, but also ineligible to be elected to all county, municipal, judicial, school office or other elective office of any political subdivision. The statute's imposition of these legal impediments upon those convicted of a felony, are not inconsistent with the restrictions placed upon convicted felons by Article V, § 18 of the Oklahoma Constitution.
¶ 4 The Oklahoma Constitution at Article V, § 18 makes convicted felons ineligible for election to the Legislature:
 No person shall serve as a member of the Legislature who is, at the time of such service, an officer of the United States or State government, or is receiving compensation as such; nor shall any person be eligible to election to the Legislature, who has been adjudged guilty of a felony.
Okla. Const. art. V, § 18 (emphasis added).
¶ 5 This constitutional provision makes convicted felons forever ineligible to be elected to the Legislature.[1]
Section 5-105a's imposition of a similar legal impediment on convicted felons with respect to all State officers, as well as county and municipal officers, is not contrary to the life-long ineligibility of convicted felons to be elected to the Legislature. A reading of both provisions together make it clear that with respect to a felon's eligibility to be elected to the Legislature: for the first fifteen (15) years, both the statute and constitutional provision would prohibit his or her eligibility; thereafter, he or she would be ineligible by virtue of the constitutional provision. The provisions of 26 O.S. 1991,§ 5-105a[26-5-105a], not being in conflict with the provisions of ArticleV, § 18 of the Oklahoma Constitution, do not violate that constitutional provision.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The provisions of 26 O.S. 1991, § 5-105a[26-5-105a] make aconvicted felon (including those who enter a plea of guilty ornolo contendere to a felony charge) ineligible for a period offifteen (15) years following completion of his or her sentence,to be a candidate for various elected offices, including anyState, county, municipal, judicial or school office, unless fullypardoned by the Governor.
 2. Under the provisions of Article V, § 18 of the OklahomaConstitution a convicted felon would forever remain ineligible tobe a candidate for the State Legislature, unless fully pardonedby the Governor.
 3. With respect to eligibility to run for the StateLegislature, Article V, § 18 and 26 O.S. 1991, § 5-105a[26-5-105a] are notinconsistent. Under both provisions, a convicted felon would beineligible to be elected to the Legislature for a period offifteen (15) years following completion of the felon's sentence.Thereafter, the felon would continue to be forever ineligible,under the provisions of Article V, § 18, unless fully pardoned bythe Governor. Accordingly, the provisions of 26 O.S. 1991, §5-105a[26-5-105a] do not violate the provisions of Article V, § 18 of theOklahoma Constitution.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] As the Oklahoma Supreme Court held in State v. ElectionBoard, 36 P.2d 20 (Okla. 1934), a convicted felon who "receives a full and unconditional pardon from the Governor is eligible to election to the Legislature." Id. at 21. Thus, even the life-long legal impediment imposed by Article V, § 18 of the Oklahoma Constitution may be removed by virtue of a full and complete pardon granted by the Governor.